# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1075 | **DATE** | 2-23-11 |
| **CASE TITLE** | Danny Wolfe (#16680045) v. Donald Ross | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#2] is denied without prejudice. Plaintiff is given 30 days from the date of this order either to file a renewed *in forma pauperis* application in compliance with this order or to pay the $350 filing fee. The complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, one copy of the amended civil rights complaint form and instructions for filing, along with a copy of this order. If Plaintiff does not comply with this order, this action will be dismissed.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. He filed his complaint in the Northern District of Texas, alleging deliberate indifference to a serious medical condition, against Defendants in Illinois, California, Arkansas, and Texas. Judge Sam Cummings, District Court Judge for the Northern District of Texas, severed Plaintiff's claims originating out of actions taken outside of Texas, and transferred those severed claims to other districts, including the Northern District of Illinois. The Claim transferred to the Northern District of Illinois is against Defendant Donald Ross, a dentist practicing at the Metropolitan Correctional Center in 2004.

Plaintiff has submitted an application to proceed *in forma pauperis* without proper certification or a financial affidavit. His application is denied, without prejudice. Local Rule 3.3 of this Court requires that persons seeking leave to file *in forma pauperis* to file both an *in forma pauperis* petition and a financial affidavit. The Court supplies an *in forma pauperis* petition form, which requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. As explained below, the Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. If Plaintiff wants to proceed on his complaint, he must file a new motion for leave to file *in forma pauperis* on the Court's form and have an authorized official provide information regarding Plaintiff's trust fund account, including a copy of his trust fund account. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

Effective April 26, 1996, the PLRA significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.
**(CONTINUED)**

AWL

## STATEMENT

**The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed.** The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

(A) the average monthly deposits in the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).

The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, **Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."** 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application 30 days from the date of this order on the form required by the rules of this Court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

Additionally, Plaintiff must submit an amended complaint. The District Court in Texas severed Plaintiff's Illinois based claims and transferred the entire complaint to the Northern District of Illinois. It appears from Plaintiff's 25 page complaint, that the allegations against Defendant Ross, the only Defendant located in the Northern District of Illinois, arise out of dental care provided to Plaintiff in 2004. If that is true, Plaintiff's claims may be time barred. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980). (there is a two-year statute of limitations for civil rights actions in the State of Illinois. Accordingly, Plaintiff should submit his amended complaint only to the extent that he can make allegations that he received inadequate dental care in the Northern District of Illinois, in the last two years.

The Court accordingly dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent. Plaintiff must also inform the Prisoner Correspondent informed in writing of any change of address.

Plaintiff must, on or before 30 days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint, to the extent that he can make timely claims of constitutional violation. If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.